## LARGE v. METROPOLITAN LIFE INS. CO.

### No. 4455.

Circuit Court of Appeals, Fourth Circuit.
April 28, 1939.

Herbert Large, in pro. per., for Appellant.

Before PARKER and SOPER, Circuit Judges, and WAY, District Judge.

### PER CURIAM.

This is an appeal from an order releasing all jurisdiction, control and custody over the real estate of a bankrupt and permitting secured creditors to proceed with the enforcement of their lien in the state court or otherwise as they might be advised. The real estate of the bankrupt consisted of a one-third interest in approximately one hundred acres of land inherited from his father and subject to the dower interest of his mother. The entire tract was appraised in the bankruptcy proceeding as being worth $2,700 and bankrupt's interest therein was appraised at $600. The tract was subject to a deed of trust executed by bankrupt's father to secure an indebtedness of $5,000. The record in the case shows clearly that the land was not worth the amount of the encumbrances against it and that prior to filing his petition for adjudication as a bankrupt under section 75 (s) of the Bankruptcy Act, 11 U.S.C.A. § 203 (s), bankrupt had filed a petition for composition or extension offering $1,400 in installments as his share of the debt against it and that this offer had been rejected. The referee found that this petition was not filed in good faith, but for the purpose of delaying creditors in the enforcement of their liens, that no evidence was offered of the ability of the bankrupt to pay off and discharge the lien against the property and that he could not be rehabilitated as contemplated by the Act. At the hearing at which the land was released from the jurisdiction of the court, bankrupt asked for another appraisal of the property; but this was denied on the ground that the land had already been appraised in the proceeding and had also been appraised a short while before in another proceeding instituted by the mother of the bankrupt.

We think that the decision appealed from was clearly right. Bankrupt had no equity of any value in the land in controversy; and there was no reason for the court to assert jurisdiction over his undivided interest to the prejudice of the rights of the lien creditor holding a deed of trust on the entire tract. Foreclosure under this lien had been delayed for several years by the proceedings instituted by the bankrupt and his mother, and in the meantime nothing whatever had been paid on the principal of the debt and only an insignificant amount on the interest. The finding was fully justified that the proceedings were not instituted in good faith for securing an adjustment of the debt but merely for purposes of delay. Complaint is made of the refusal to order an additional appraisement of the property; but it appears that an appraisal was made by disinterested appraisers, and there is nothing in the record to justify the court in disregarding this appraisal or in ordering the property re-appraised.

A careful review of the record discloses no reason for setting aside the order of the District Court. On the contrary, we are convinced that the order was proper and should be affirmed and that the mandate of this court should issue forthwith to the end that there may be no further delay to creditors as a result of these proceedings.

Affirmed.